UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIMBERLY ELLEFSON,

        Plaintiff,

  v.

PINE TREE HARBOR et al,

        Defendant.

CASE NO. CV25-5583

ORDER

THIS MATTER is before the Court on pro se plaintiff Kimberly Ellefson's motion for "Emergency Relief," Dkt. 2. Ellefson alleges that she suffered "retaliation, obstruction and disability-based discrimination" by the Division of Vocational Rehabilitation (DVR) when it and other defendants denied her access to their services. *Id.* at 2. Her allegations and filings are difficult to follow. She attaches a series of emails and communications from DVR staff to her emergency motion and asserts the documents "speak for themselves," but does not offer any explanation of the facts of her case nor specify how defendants allegedly violated her legal rights in the motion. *Id.* at 1. In her declaration, she alleges that DVR refused her services because it erroneously concluded that she refused to submit a new Individualized Plan for Employment (IPE) and that DVR

ORDER - 1

required her to undergo a psychological evaluation as a condition for services by July 3 in retaliation for Ellefson asserting her legal rights and "raising procedural concerns." Dkt. 3 at 1–2. Ellefson's request for relief is also vague. She asks the Court to intervene and require defendants to grant her access "the educational and disability-related supports" that she asserts she "is entitled to." *Id*. at 2. She does not specify which services or supports she needs, nor explain why she will suffer irreparable harm if she does not get relief by a specific time.

Her complaint offers more detail than her motion, but it too fails to clarify the chronology or facts supporting her allegations. The complaint asserts that defendants Pine Tree Harbor and Housing and Urban Development denied her housing despite her qualifying under disability accommodations and educational status protections. Dkt. 1 at 5. She alleges that the denial was based on discriminatory practices and procedural barriers that violate disability laws. *Id*. She also alleges that defendant Seamar Adult Treatment Center denied her Consolidated Omnibus Budget Reconciliation Act (COBRA) benefits and "held [her] property." *Id*. The complaint includes handwritten notes that articulate both additional allegations and requests for relief that are at points difficult to comprehend. Dkt. 1 at 6–10. Her declaration[1] attached to her complaint sheds some light the content of grievances. Dkt. 1 at 10. In it she asserts that she requested disability accommodation in October 2024, but that "no action was taken until May 15, 2025," and that in part because of the delay she has been homeless since December 2024.

---

[1] This is distinct from the declaration she filed separately at Dkt. 3.

ORDER - 2

1  *Id*. She alleges further that she was denied services from multiple agencies because she
2  "reported theft and misallocation of Substance Use Disorder (SUD) funds" within the city
3  of Tacoma. *Id*. Based on these allegations, Ellefson brings claims under 42 U.S.C. §
4  1983, Title II of the Americans with Disability Act, 42 U.S.C. § 12131–34; the Fair
5  Housing Act, 42 U.S.C. § 3601 et seq, Section 504 of the Rehabilitation Act of 1973, 49
6  U.S.C. § 794, the Due Process clause of the Fourteenth Amendment; the Whistle Blower
7  Protection Act 5 U.S.C. § 2302(b)(8); "Federal Housing regulations and HUD rules and
8  guidelines." *Id*. at 3. She seeks compensatory damages for loss of housing, loss of
9  income, and access to education and medical care, damages for emotional distress caused
10 by "prolonged retaliation, defamation, and the denial of legally mandated
11 accommodations." *Id*. at 5. She also seeks an order "requiring all defendants to correct all
12 false records related to [her] case" and issue formal written apologies, and injunctive
13 relief "preventing further retaliation or service denials." *Id*. at 9.

14      Pro se litigants are not held to the same standard as admitted or bar licensed
15 attorneys. *Haines v. Kerner,* 404 U.S. 519, 521 (1972). Pleadings by pro se litigants,
16 regardless of deficiencies, should be judged only by function, not form. *Id.* Nonetheless, a
17 pro se plaintiff is not entirely immune from the rules of civil procedure. Although the
18 Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules
19 of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.
20 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 925–28
21 (9th Cir. 2012); *accord Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995) ("Although we
22 construe pleadings liberally in their favor, pro se litigants are bound by the rules of

procedure."); *Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]*ro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

Construing the filings here liberally, the Court interprets Ellefson's "emergency motion" to be a motion for a temporary restraining order seeking immediate injunctive relief. The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). For a court to grant a preliminary injunction, the plaintiff "must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008).

Ellefson has not met this standard. First, she fails to demonstrate any likelihood of success on the merits of any claim against any defendants. Her claims are difficult to follow, and it is unclear from the record what actions or inactions by each defendant violated her legal rights. She also fails to establish that she will suffer irreparable harm absent Court action. The only discernable rush deadlines in the record is the request from defendant DVR's Vocational Rehabilitation Supervisor Allesandria Goard to have Ellefson both designate a doctor to complete an updated psychological examination and for Ellefson to submit a new IPE by July 3, 2025. Dkt. 2 at 20. Ellefson does not

ORDER - 4

articulate how or why she will suffer irreparable harm if the court does offer injunctive relief before this deadline. There is nothing in the record to support that the balance of equities tips in Ellefson's favor nor that relief is in the public interest.

Although the Court empathizes with Ellefson's loss of her son, her articulated mental health challenges, and housing insecurity, it cannot grant the emergency relief she seeks on this record. Her motion for emergency injunctive relief, Dkt. 2, is **DENIED**.

Dated this 3rd day of July, 2025.

BENJAMIN H. SETTLE
United States District Judge