UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIMBERLY ELLEFSON,

               Plaintiff,

   v.

PINE TREE HARBOR et al,

               Defendant.

CASE NO. CV25-5583

ORDER

THIS MATTER is before the Court on pro se plaintiff Ellefson's second emergency motion for a temporary restraining order, Dkt. 8. The Court denied Ellefson's first such motion, Dkt. 2, because she failed to state a plausible claim, had not demonstrated that she was likely to succeed on the merits of her claim(s), and failed to satisfy the remaining requirements for injunctive relief. Nor had she demonstrated an "emergency" or explained why she did not notify the many defendants of her motion, so that they could respond to it. Dkt. 5.

1    Ellefson's second effort fails for similar reasons. Unlike her first motion, this one

2    includes an application to proceed *in forma pauperis*,[1] Dkt. 7, supported by a proposed

3    amended complaint, Dkt. 7-1, but her factual narrative remains difficult to follow and

4    wholly conclusory. Her motion asserts that the Washington Division of Vocational

5    Rehabilitation (DVR) is wrongfully refusing to pay her tuition, and asks the Court to

6    force it to do so, but her amended complaint does not assert such a claim. It instead

7    asserts four vague claims that seem to  arise from different conduct, by different

8    defendants:

9        **First Amendment Retaliation**
         Defendants silenced my protected speech through intimidation, procedural
10       manipulation, and targeted harassment.
         **Whistleblower Protection Violations**
11       Retaliatory removal and professional sabotage following federally protected
         disclosures.
12       **ADA & Rehabilitation Act Violations**
         Deliberate refusal to accommodate my disability, exacerbation of trauma,
13       and obstruction of my vocational and educational rights.
         **Abuse of Process & Malicious Retaliation**
14       Defendants weaponized administrative procedures against me, intentionally
         inflicting emotional distress and professional damage.

15   Dkt. 7-1 at 4. Nor does she seek in her complaint the relief she seeks in her emergency

16   motion. Her amended complaint seeks only:

17       **Federal Investigation** into documented SUD funding fraud.
18       **Sanctions against Tacoma officials** for obstruction and retaliation.
         **Injunctive Relief** halting harassment and removal from public roles.
19       **Damages** for educational disruption, medical harm, financial loss, and
         emotional trauma.
20

---

21   [1] Ellefson's amended complaint also seeks to sue the Clerk's Office for unconstitutionally
     rejecting her prior *in forma pauperis* application. Dkt. 7-1 at 52–56. That document reflects two
22   vehicles and $10,000 as assets she does not disclose in her current application, Dkt. 7.

**Federal Recognition** of protected whistleblower status and retaliation.

*Id.*

Ellefson has not articulated facts stating a plausible claim, and she has not articulated a claim against DVR for the payment of tuition, an issue seemingly unrelated to her whistleblowing or her prior employment.

For a court to grant injunctive relief, the plaintiff "must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008). A court may issue a temporary restraining order without notice only if the moving plaintiff demonstrates that she is likely to suffer immediate and irreparable injury before the adverse party (or parties) can be heard in opposition, describes what efforts she made to give notice, and explains why notice should not be required. Federal Rule of Civil Procedure 65(b)((1)(A) and (B). Ellefson does not address these requirements, and there is no claim or evidence that she notified defendants of her motion.

Ellefson's proposed amended complaint does not state a plausible claim, and her motion does not meet the requirements for a temporary restraining order. She has at most demonstrated that she will suffer harm if the tuition is not paid, but she has not demonstrated that she is likely to succeed on the merits of any claim requiring DVR to pay that tuition. The Court notes that Ellefson's first motion was the apparently result of DVR's request that she designate a doctor to complete an updated psychological

1  examination, and that she submit an updated Individualized Plan for Employment. Her

2  current motion does not reference that process or its outcome.

3    Ellefson's second emergency motion for a temporary restraining order, Dkt. 8, is

4  **DENIED**.

5    **IT IS SO ORDERED**.

6    Dated this 18th day of July, 2025.

7

8  _____

9  BENJAMIN H. SETTLE
 United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22