UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIMBERLY ELLEFSON, <br><br> Plaintiff, <br><br> v. <br><br> PINE TREE HARBOR et al, <br><br> Defendant. | CASE NO. C25-5583 <br><br> ORDER |

THIS MATTER is before the Court following Magistrate Judge David Christel's Order granting pro se plaintiff Kimberly Ellefson's application to proceed *in forma pauperis*, based on her indigency, leaving to this Court evaluation of whether Ellefson's complaint asserts a plausible claim and should be served. Dkt. 10 (citing 28 U.S.C. § 1915(e)(2)(b)).

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v.*

ORDER - 1

*Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

This Court twice denied Ellefson's motions for preliminary relief because she had not stated a plausible claim, and that she therefore had not demonstrated that she was likely to prevail on the merits of any claim. Dkts. 5 and 9. Ellefson's complaint—and its "supplement," Dkt. 11—lists some 30 seemingly unrelated defendants (Pine Tree Harbor, an "HUD funded project;" Kimberly Mays, a "King County Court official;" Michael Leong, a SeaMar lawyer; and the Washington Division of Vocational Rehabilitation, among others). But the complaint does not mention any of these defendants specifically in its lengthy and conclusory recitation of facts and legal conclusions. It does not

articulate who did what to her when, or why, or why it is actionable. As the Court already explained, her factual allegations are difficult to follow and wholly conclusory.

In order to state a plausible claim, a plaintiff must allege facts that allow *the court* to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. It is not enough to accuse the defendants of unlawfully harming her.

Ellefson has not articulated facts stating a plausible claim against anyone. Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Ellefson may file an amended complaint seeking to do so within 21 days. Any amended complaint should focus on the "who, what, when, where, why, and how" of a factual story. Adjectives, legal citations, and conclusory statements are not required and are not enough to state a viable claim. The complaint should identify who did what to her, when, where, why, and how, and then plausibly articulate why that conduct is actionable in this Court.

Ellefson's pending motions, Dkts. 12, 13, 14, 15, and 16, are premature, unless and until she states a plausible, viable claim against any of the numerous defendants she has named. Her motions are **DENIED** without prejudice. The Court will evaluate any amended pleading against the standards above before considering any other motions.

//

1  **IT IS SO ORDERED**.

2  Dated this 21st day of August, 2025.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge